J. W. MASON v. MAURICE BREVOORT AND WIFE, OTA S. BREVOORT.

(Filed 3 May, 1961.)

**1. Reformation of Instruments § 10—**

   Where plaintiff grantor's evidence tends to show that the reservation to himself of the timber upon the land conveyed was inserted by the draftsman in conformity with his instructions and that he read the reservation and approved it before he executed the deed, *the evidence fails to establish a cause of action in grantor's behalf to reform the reservation either as to the extent of the boundary or the size of the timber reserved.*

**2. Same—**

   A deed may be reformed only for the mutual mistake of the parties or the mistake of one party induced by the fraud of the other, and the instrument may not be reformed merely because the language knowingly employed fails to express the intent of one of the parties when the mistake as to the purport of the language is not induced by the fraud of the other party.

**3. Pleadings § 28—**

   The fact that a cause of action is stated in the complaint does not warrant the submission of the case to the jury when plaintiff's evidence is insufficient to support recovery upon the theory alleged in the complaint.

APPEAL by plaintiff from *McKinnon, J.*, October Civil Term 1960 of WAKE.

The plaintiff and his wife executed a deed dated 5 May 1950 to Howard E. Brevoort and wife, Hazel Brevoort, conveying a tract of land containing 114.8 acres, which deed contained a purported reser-

vation as follows: "The parties of the first part reserve the right for a period of ten years to the largest timber in a 25-40 acre tract of the above land, said tract of 25-40 acres having been designated by the parties hereto by blazing the trees along the boundary in the said 25-40 acre tract."

The plaintiff alleges in sum and substance in his complaint that the above reservation was included in the deed by mutual mistake of the plaintiff and the defendants, or by fraud on the part of the defendants and by mistake of the draftsman, and that the timber was not sufficiently described by mutual mistake of the parties, fraud on the part of the defendants and mutual mistake on the part of the draftsman; that the plaintiff is entitled to have the deed reformed "to express the intention, the purpose, the agreement, the understanding between the plaintiff and the defendants in the execution of said deed by adding the words 'that the plaintiff reserves the right for a period of ten years to cut all the commercial timber located upon the lands described in this deed (114.8 acres) measuring 6" in diameter at ground level, and particularly all such timber of such description located to the North of the blazed line.'"

It is further alleged in the complaint that the defendants here, as agents and representatives of Howard E. Brevoort and wife, negotiated the purchase of the land described in the complaint from the plaintiff. Defendants denied these allegations. It is also alleged that Howard E. Brevoort and wife by deed dated 25 March 1953 conveyed the 114.8 acre tract of land to Maurice Brevoort and wife, Ota S. Brevoort, the defendants herein, which deed also contained the same reservation set out in the deed executed by the plaintiff and his wife to Howard E. Brevoort and wife. These allegations were admitted in the defendants' answer.

In the trial below the plaintiff testified: "I told Mr. Paschal (plaintiff's attorney) I would not sign the deed he had drawn; I told him I wanted to reserve the timber in that 25 to 40 acres. Mr. Paschal inserted in the deed the reservation that is in there, and that was what I had told him to put in the deed.

"It was agreed I was to reserve the timber in the 25 to 40 acres and told him then I would put a blazed line. Neither of the Brevoorts were there when the line was marked; they were in the field."

Plaintiff's attorney testified: "I put the exemption in as designated by Mr. Mason. * * * Acting upon the instructions from Mr. Mason, who paid me for preparing the deed, I went ahead and prepared the deed with the reservation of the 25 to 40 acres of timber and they did not tell me to put any exemption about the pulp wood, and Mr. Mason executed the second deed which I prepared with the reservation, and

he was satisfied as I prepared it, and the Brevoorts knew of the exception."

At the close of plaintiff's evidence the defendants moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Morris & Hinsdale for plaintiff appellant.*
*Ellis Nassif for defendants appellee.*

DENNY, J.   The plaintiff's sole assignment of error is to the action of the court below in sustaining the defendants' motion for judgment as of nonsuit.

In the trial below no evidence was introduced tending to show that the defendants, representing themselves or as agents for their predecessors in title, had anything to do with the preparation of the deed executed as of 5 May 1950 by the plaintiff and his wife, or that they, or any one of them, were consulted about the form or contents of the reservation inserted in the deed. The evidence is to the effect that Maurice Brevoort was present when the deed was executed and the reservation was read; that he agreed to the terms and turned a check over to Mr. Mason. The deed was duly executed, notarized, and recorded.

The plaintiff offered no evidence in support of the allegation in his complaint to the effect that the grantors and the grantees had agreed prior to the execution of said deed "that the plaintiff reserves the right for a period of ten years to cut all the commercial timber located upon the lands described in this deed measuring 6" in diameter at ground level, and particularly all such timber of such description located to the North of the blazed line." To the contrary, the plaintiff testified that the reservation inserted in the deed was what he told his attorney "to put in the deed."

In the case of *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25, this Court said: "The court cannot submit a case to the jury on a particular theory unless such theory is supported by both the pleadings and the evidence."

In an article in the North Carolina Law Review, Volume 15, at page 155, *et seq.,* it is said: "After the contractors believe they have definitely prescribed the terms and limits of their bargain they undertake to reduce it to written form. This may be attempted by one of the parties or some third person such as an attorney. Through forgetfulness, lack of understanding, misinformation, or even fraud, the draftsman may produce a document which does not conform to the bargain. When this has happened the instrument will be reformed by

the court. If, however, the document is in accord with the original understanding of the parties the court cannot correct it, irrespective of how unfortunate may be the bargain it represents * * *."

In the case of *Crawford v. Willoughby,* 192 N.C. 269, 134 S.E. 494, this Court said: "The party asking for relief by reformation of a deed or written instrument, must allege and prove, first, that a material stipulation, as alleged, was agreed upon by the parties, to be incorporated in the deed or instrument as written, and second, that such stipulation was omitted from the deed or intrument as written, by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draughtsman. Equity will give relief by reformation only when a mistake has been made, and the deed or written instrument because of the mistake does not express the true intent of both parties. The mistake of one party to the deed, or instrument, alone, not induced by the fraud of the other, affords no ground for relief by reformation." *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530.

There is no evidence of mutual mistake of the parties, or of fraud on the part of the defendants. While it is now obvious that the plaintiff is not satisfied with the language used in the reservation inserted in his deed, his own testimony tends to show that the language used was in conformity with his instructions to his attorney and that he read the reservation and approved it before he executed the deed.

We express no opinion as to the validity or invalidity of the reservation in plaintiff's deed as written, nor are we now called upon to interpret the same. In our opinion, however, the evidence adduced in the trial below is insufficient to support a verdict for reformation of the deed. Hence, the judgment of nonsuit will be upheld.

Affirmed.