CLARENCE O. SHIPTON AND DORIS L. SHIPTON v. WILLIAM J. BARFIELD AND SARAH W. BARFIELD, ROBERT S. CAHOON, TRUSTEE, THE NORTHWESTERN BANK AND STARMOUNT COMPANY

No. 7418SC622

(Filed 18 September 1974)

1. **Reformation of Instruments § 3— standing to maintain action — parties in privity**

     Only the original parties to a written instrument, or persons claiming under them in privity, have standing to maintain an action for reformation, and strangers to the chain of title to a lot on which an alleged mistaken restriction was placed are not in privity to such an instrument.

2. **Reformation of Instruments § 3— standing to maintain action**

     Plaintiffs were without standing or authority to force an action to reform the deed from defendant developer to the Barfields' predecessors, since there was no privity between plaintiffs, who were adjacent landowners to the Barfields, and any defendants.

3. **Deeds § 20— subdivision — enforcement of restrictive covenants**

     Where land within a given area is developed in accordance with a uniform scheme of restriction, ordinarily anyone purchasing in reliance on such restriction may sue and enforce the restriction against any other lot owner taking with record notice.

4. **Deeds § 19— restrictive covenants — strict construction**

     Restrictions in derogation of the free and unfettered use of land are strictly construed in favor of the unrestricted use of property.

5. **Deeds § 20— subdivision — restrictive covenants — no covenant to enforce**

     There was no basis to infer from the language of restrictive covenants in the deed from Starmount Company to the Barfields' predecessors in title that the defendant Starmount Company intended to covenant that it would enforce restrictive covenants and thus protect the interests of the plaintiffs who were adjacent landowners to the Barfields.

Shipton v. Barfield

APPEAL by plaintiffs from *Kivett, Judge,* 25 March 1974 Session of Superior Court held in GUILFORD County, Greensboro Division. Heard before the Court of Appeals 28 August 1974.

In this action, instituted on 12 April 1973, the plaintiffs seek, among other things, damages against the defendant Starmount Company for its failure to take the necessary legal action to reform a deed alleged to contain a mistake in the restrictive covenants of said deed from Starmount Company to the defendant Barfields' predecessors in title. They also seek damages for Starmount's failure and refusal to enforce a restriction in its deed covering the Barfields' lot by approving plans and specifications for the construction of a residence on the lot, which is in alleged violation of certain restrictions in the deed.

The plaintiffs, in their complaint, allege that the facts in the case are the following:

(1) That the plaintiffs, by deed dated 16 September 1955, purchased a lot in Section 3 of Friendly Acres Subdivision from C. E. Tickle and wife. The plaintiffs thereafter built a home on this lot and have since continued to live there;

(2) That by a deed dated 10 August 1972, the defendants Barfield purchased a lot adjacent to the property of the plaintiffs. Title to this lot was derived through mesne conveyances from defendant Starmount Company by a deed to Poole and wife registered 16 March 1949;

(3) That both pieces of property in this suit were originally owned by defendant Starmount Company, which is engaged in the real estate business. These lots were sold as part of a development called Friendly Acres;

(4) That the original deed out of defendant Starmount Company to the Barfields' predecessors in title contained the following restrictive covenants:

(a) Paragraph 1 —

"No building shall be erected or allowed to remain on said property within their feet of the property line on the street or road abutting the front of said property . . . . "

(b) Paragraph 4 —

"No building of any kind shall be erected or allowed to remain on said property until the plans and specifi-

Shipton v. Barfield

cations have been submitted and approved in writing by the Starmount Company."

(c) Paragraph 6 —

"Said property shall not be subdivided into lots having less than 15,000 square feet of area or a width of less than 75 feet, nor shall any building be erected on any part of said property having an area of less than 15,000 square feet or a frontage of less than 75 feet."

(5) That in August 1972, the Barfields commenced construction of their house located approximately 50 feet from the property line adjoining the road abutting the front of their property;

(6) That all or substantially all of the deeds from defendant Starmount Company to purchasers of lots within the subdivided area in question contain a setback restriction of 125 feet;

(7) That in paragraph 1 of the Barfield restrictions above, the word "their" was inserted in the blank space provided by an alleged mutual mistake of the Starmount Company and the Barfields' predecessors and that in all other deeds the number 125 or 100 precedes the word "feet";

(8) That the lot of the Barfields is less than 75 feet in average width in alleged violation of the restrictions in paragraph 6 above;

(9) That the Barfields failed to submit plans for construction prior to commencement of said construction which is in alleged violation of paragraph 4 above;

(10) That the defendant Starmount Company, on information and belief, knew or should have known that the insertion of the word "their" in the form deed to the Barfields' predecessors, was a mistake;

(11) That the plaintiffs informed the defendant Starmount Company of said alleged mistake and that the defendant Starmount Company has failed and refused to take the necessary steps to reform said deed; and,

(12) That the defendant Starmount Company has failed and refused to enforce the restrictions in paragraphs 4 and 6 above by approving plans and specifications for construction.

The defendant Starmount Company filed a motion pursuant to North Carolina Civil Procedure Rule 12 (b) (6) that the action be dismissed on the ground that the complaint did not state a claim upon which relief could be granted as to said defendant. The court, after hearing arguments by counsel, granted the motion in favor of Starmount Company and judgment was entered, whereupon the plaintiffs excepted and served notice of appeal to this Court.

*Smith, Carrington, Patterson, Follin & Curtis by Marion G. Follin III for plaintiff appellants.*

*McLendon, Brim, Brooks, Pierce & Daniels by G. Neil Daniels for defendant appellee.*

CAMPBELL, Judge.

The plaintiffs contend that the trial court erred in granting the defendant Starmount's motion to dismiss under Rule 12 (b) (6) because Starmount Company was legally obligated to enforce the covenants in the deed to the Barfields' predecessors and to seek reformation of covenants alleged to have been entered into by mutual mistake.

[1]   It is established that only the original parties to a written instrument, or persons claiming under them in privity, have standing to maintain an action for reformation. Strangers to the chain of title to a lot on which an alleged mistaken restriction was placed are not in privity to such an instrument. *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892 (1954). In *Hege, supra,* all lots in a subdivision, except one, were sold with substantially uniform restrictions attached. The plaintiff, in a suit against the developer and his grantee, sought to impose the uniform restrictions on the grantee from whose deed the restrictions were omitted by alleged mistake. Finding no privity between any of the plaintiffs and the defendants, the court affirmed the nonsuit.

[2]   The facts as proposed by the plaintiffs here are not distinguishable from that of *Hege, supra,* except to the extent that there was an alleged mistaken omission in *Hege, supra,* and there was an alleged mistaken insertion of a provision in the deed here. The type of alleged mistake is irrelevant, however, since the plaintiffs are in either case without standing or authority to force an action to reform the deed to the Barfields' predecessors.

The plaintiffs' argument regarding Starmount's duty and liability under paragraphs 4 and 6 of the restrictive covenants in the deed is equally without merit. In order for the defendant Starmount Company to be liable, a legal duty must be present requiring them to police and enforce provisions in all deeds for the benefit of all landowners in the subdivision. This legal duty must arise expressly by deed or impliedly by law.

[3] The law of third-party beneficiary as it relates to that of restrictive covenants is designed to provide a remedy to the various grantees of a subdividing grantor *inter se*. "[W]here land within a given area is developed in accordance with a . . . uniform scheme of restriction, ordinarily any one purchasing in reliance on such restriction may sue and enforce the restriction against any other lot owner taking with record notice . . . . " *Craven County v. Trust Co.*, 237 N.C. 502, 513, 75 S.E. 2d 620, 628 (1953). This is so because the law treats each landowner as a promisor, promising to abide by the restrictions for the benefit of the third-party beneficiary landowners. The concepts of mutuality of covenant and consideration as well as mutual negative equitable easements have been applied to give landowners the right to sue *inter se. Maples v. Horton*, 239 N.C. 394, 80 S.E. 2d 38 (1953).

Restrictive covenants are really servitudes imposed on the land and as such are treated as easements appurtenant. Consequently, a landowner's cause of action arises out of the easement or use restriction appending to the land of another as a result of his promise in a covenant. See *Craven County, supra.* This provides no remedy against a subdivider unless he has expressly or impliedly undertaken responsibility for the enforcement of the various covenants.

The North Carolina cases cited by the appellants in their brief involve cases of express covenants to impose uniform restrictions and are not applicable to the facts as alleged here.

[4, 5] The only other remedy available to the plaintiffs is a covenant to enforce the restrictive covenants arising by implication. Restrictions in derogation of the free and unfettered use of land are strictly construed in favor of the unrestricted use of property. *Craven County, supra.* Such an implied covenant must arise from the words used and is based on the presumed intention of the parties. It is not favored by the law. 21 C.J.S., Covenants, § 9, p. 888 (1940). Under the facts as alleged by

the appellant, there is no basis to infer from the language of paragraph 4 of the restrictive covenants in the deed to the Barfields' predecessors in title that the defendant Starmount Company intended to covenant that it would protect the interests of the plaintiff. On the contrary, paragraph 4 appears to be a covenant intended for the sole benefit of the defendant Starmount Company.

"A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or absence of facts sufficient to make a good claim. . . . " *Hodges v. Wellons,* 9 N.C. App. 152, 157, 175 S.E. 2d 690, 693 (1970). Under the facts as the plaintiffs allege them, there is no factual basis by which the plaintiffs have established a duty running to them from the Starmount Company, nor is there such a duty imposed at law. Therefore, the judgment below is affirmed dismissing the complaint as to the defendant Starmount Company.

Affirmed.

Judges PARKER and VAUGHN concur.