DAVID THOMAS NELSON AND WIFE BARBARA T. NELSON, AND ALLIE ALLRED NELSON v. MARYETTA NELSON HARRIS, INDIVIDUALLY; MICHAEL FILMORE ROUTH AND WIFE, DIANE C. ROUTH; DONALD NELSON ROUTH; TERRI LYNN ROUTH; CYNTHIA ANN ROUTH; AND MARYETTA NELSON HARRIS AS TRUSTEE FOR MICHAEL FILMORE ROUTH, DONALD NELSON ROUTH, TERRI LYNN ROUTH AND CYNTHIA ANN ROUTH, DEFENDANTS AND CLIFFORD PAUL HARRIS, ADDITIONAL DEFENDANT

No. 7619SC689

(Filed 16 February 1977)

1. Reformation of Instruments § 6— intent of parties — testimony by grantor and attorney

In an action to reform deeds for mutual mistake, testimony by a grantor and the lawyer who prepared the deeds was competent to show the intention of the parties to the deeds.

2. Reformation of Instruments § 1— mutual mistake of parties

The equitable remedy of reformation of a deed will be granted when it is shown by clear, cogent and convincing evidence that due to the mutual mistake of the parties the deed does not express the actual agreement made between the parties.

3. Reformation of Instruments § 1— absence of consideration — unilateral mistake of grantor

The grantor of a conveyance for which no consideration was given by the grantee is entitled to reformation when the deed fails to express the actual intent of the parties due to the grantor's unilateral mistake.

4. Reformation of Instruments § 7— reformation of deed for mutual mistake

The evidence was sufficient to support the trial court's determination that a 3.28 acre lot lying outside the land conveyed by a deed, rather than a 4.25 acre lot lying within the land conveyed, was excepted from the deed because of the mutual mistake of the parties, and that the grantors were entitled to reformation of the deed to except the 4.25 acre lot.

APPEAL by defendants from *Albright, Judge.* Judgment entered 30 April 1976 in Superior Court, RANDOLPH County. Heard in Court of Appeals 20 January 1977.

This is a civil action wherein the plaintiffs, David Thomas Nelson, Barbara T. Nelson, and Allie Allred Nelson, seek the reformation of a deed made and entered into on 3 July 1973 "by and between David Thomas Nelson and wife, Barbara T. Nelson, parties of the first part, and Maryetta Nelson Harris

as Trustee as hereinafter stated, for the life of Maryetta Nelson Harris, and at her death to Michael Filmore Routh, Donald Nelson Routh, Terri Lynn Routh, and Cynthia Ann Routh, parties of the second part . . ."

Plaintiffs' complaint was filed and notice of lis pendens was docketed on 14 April 1975. At a trial before the judge without a jury plaintiffs offered evidence tending to show the following:

In 1965 Allie Nelson owned a 62-acre tract of land in Randolph County. In 1965 she conveyed by deed (Exhibit C) to her son, David Thomas (Bobby) Nelson, and his wife, Barbara Nelson, a 4.25-acre tract of land known as the "well lot" which is a part of the 62-acre tract. In 1968 she conveyed to David and Barbara a 3.28-acre tract which is not a part of the 62-acre tract. In 1969 she conveyed the balance of the 62-acre tract to David.

In 1973 Allie's daughter, defendant Maryetta (Marty) Harris, moved to North Carolina from California and asked her mother to convey some property to her so she and her husband could have their own house. Allie offered to give her a 135-acre tract located on the east side of the 62-acre tract, but Marty wanted the 62-acre tract instead. David and Barbara agreed to take the 135-acre tract in exchange for the 62-acre tract with the exception of the well lot. They wanted to keep the well lot because Allie had bought a mobile home and was planning to set it up there. This proposal was communicated to Marty and the exchange was agreed to.

Allie went to a lawyer and asked him to prepare the deeds. The lawyer was to prepare a deed from Allie to Marty for the 135-acre tract (Exhibit E-1), a deed from Marty and her husband, Cliff Harris, to David and Barbara for the 135-acre tract (Exhibit E) and a deed from David and Barbara to Marty as trustee for her life, with remainder free of trust to defendants Routh for the 62-acre tract except the well lot (Exhibit A). The lawyer met with Marty, Cliff, David, and Allie in his office to discuss the deeds with them. It was specifically stated that the well lot was to be excepted from the 62-acre tract, and Marty and Cliff made no objection to the exception. Allie told the lawyer that all three deeds were parts of a single transaction, and that none of them were to take effect unless all of them did.

The deeds were prepared and were signed by the parties. They were delivered to Allie who recorded them on 28 September 1973.

In reality the well lot was not excluded from the 62-acre tract conveyed by Exhibit A. The deed purported to except the 3.28-acre tract which is not a part of the 62-acre tract. The mistake occurred because Barbara mistakenly gave Allie the deed to the 3.28-acre lot when Allie went to her home to get the deed to the well lot to give to the lawyer to prepare the description in Exhibit A.

Allie placed her trailer on the well lot in September 1973 with no objection from Marty. Marty made no claim to the lot until March 1974 when a surveyor discovered that the well lot was not excepted from the 62-acre tract described in Exhibit A. On 1 August 1974 and 6 May 1975 defendants Routh conveyed by deeds (Exhibits F and G) their remainder interest in the 62-acre tract to Marty. On 20 June 1975 Marty by deed (Exhibit H) conveyed the tract to herself and Clifford Harris as tenants by the entirety. These three deeds were recorded on 2 July 1975 after plaintiff had filed notice of lis pendens on the well lot.

Defendants offered no evidence.

The trial court made findings of fact substantially as set out above. The conclusions of law, based on the findings of fact, except where quoted, are summarized as follows:

The three deeds drawn by the lawyer "were made as a part of a unified plan . . . . " Allie Nelson received no money or property in consideration for any of three conveyances. David and Barbara Nelson received no consideration from the Rouths for their remainder interest in the 62-acre tract. "[I]t was the intention of David Thomas Nelson and wife, Barbara T. Nelson, Allie A. Nelson and Maryetta Nelson Harris, individually and as Trustee for her four-named children, that the deed marked Exhibit 'A' should include an exception of the 4¼-acre well-lot, but by mutual mistake of the said parties, the deed contained an exception of the 3.28-acre house tract of Bobby Nelson." The conveyances to Marty Harris represented by plaintiff's Exhibits F and G, and the conveyance to Marty Harris and Clifford Harris, as tenants by the entirety, were made after defendants Marty and Clifford Harris had notice of the error contained in Exhibit A. The plaintiffs are entitled to have Exhibits A, F, G, and H reformed to express the true intention of the parties as of the date Exhibit A was executed.

From the order of the court reforming the deeds to effectuate the true intention of the parties, defendants appealed.

*Coltrane and Gavin by W. E. Gavin for plaintiff appellees.*

*Bell and Ogburn by John N. Ogburn, Jr., for defendant appellants.*

HEDRICK, Judge.

[1]   By assignments of error 1 and 2 based on numerous exceptions duly noted in the record, defendants contend the court erred in admitting the testimony of Allie Nelson and the lawyer who prepared the several deeds. Defendants argue that this testimony violated the parol evidence rule.

In an action to reform a deed for mutual mistake, parol evidence is admissible to prove that due to the mutual mistake of the parties, the deed does not express the actual intent of the parties. *Hubbard and Co. v. Horne,* 203 N.C. 205, 165 S.E. 347 (1932). "A witness in a position to know may testify concerning the intention of the parties to an agreement, to the same effect as to any other fact." 66 Am. Jur. 2d, Reformation of Instruments, § 118, p. 645 (1973).

Obviously the testimony challenged by these exceptions was probative of the intention of the parties, and certainly Allie Nelson and the lawyer were in a position to know the intention of the parties. These assignments of error have no merit.

By assignments of error 4 and 5 defendants contend the court erred in not allowing their motions for involuntary dismissal. In support of these assignments of error defendants argue that their motions should have been allowed "for there was No COMPETENT evidence before the Court proving mutuality of mistake between David Thomas Nelson and Barbara T. Nelson, and the defendants, and the additional defendant. . . . Certainly, the defendants, Michael Filmore Routh, Donald Nelson Routh, Terri Lynn Routh, and Cynthia Ann Routh, and the additional defendant, Clifford Paul Harris, were never consulted about the reservation in the deed, nor is there any evidence in the record to show same."

[2]   The equitable remedy of reformation of a deed will be granted when it is shown by clear, cogent, and convincing evidence that due to the mutual mistake of the parties the deed does

not express the actual agreement made between the parties. *Yopp v. Aman,* 212 N.C. 479, 193 S.E. 822 (1937); *Durham v. Creech,* 32 N.C. App. 55, 231 S.E. 2d 163 (1977).

**[3]** The grantor of a conveyance for which no consideration was given by the grantee is entitled to reformation when the deed fails to express the actual intent of the parties due to the grantor's unilateral mistake. 66 Am. Jur., Reformation of Instruments, § 45 (1973); Annot. 69 A.L.R. 423, 430-431 (1930).

**[4]** The record in the present case is replete with competent evidence supporting all the material facts found by the trial judge. Those facts dictate the conclusion that the 3.28-acre lot rather than the 4.25-acre well lot was excepted from Exhibit A because of the mutual mistake of the parties. The defendants Routh did not participate in the negotiations with the grantors which culminated in their obtaining a remainder interest in the property without having given any consideration whatsoever. Their mother acted for them as trustee, and any mistake she may have made while acting in their behalf extends to them. These assignments of error have no merit.

Defendants bring forward additional assignments of error substantially similar to those already discussed. We have considered all of the assignments of error and find them to be without merit. The judgment appealed from is

Affirmed.

Judges VAUGHN and CLARK concur.