Merrily S. FURMAN, Appellant,

v.

Vincent R. MASCITTI, Appellee.

No. 82–1745.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1983.

Decided July 28, 1983.

Rehearing Denied Aug. 29, 1983.

James B. Craven, III, Durham, N.C., and Alvin B. Fox, Newport News, Va. (Ellenson, Fox & Wittan, Newport News, Va., on brief), for appellant.

John H. Hall, Jr., Elizabeth City, N.C. (Gerald F. White, White, Hall, Mullen, Brumsey & Small, Elizabeth City, N.C., on brief), for appellee.

Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

SPROUSE, Circuit Judge:

This is an appeal by Merrily S. Furman from the district court's judgment dismissing her action against Vincent R. Mascitti, her former husband, based on Mascitti's Rule 12(b)(6)[1] motion. Furman brought this action for a one-half interest in certain real property located in North Carolina which had been jointly purchased during the couple's marriage. After purchasing the property, Furman and Mascitti were divorced in Virginia. Furman, a Virginia resident, subsequently brought this diversity action against Mascitti, a New Jersey resident, in the United States District Court for the Eastern District of North Carolina. We reverse, holding that the district court should have permitted a trial on the question of whether Furman had equitable title to one-half of the North Carolina real estate.

Since the district court's judgment was entered pursuant to Rule 12(b)(6), the facts alleged must be taken as true and the complaint construed in the light most favorable

1. Fed.R.Civ.P. 12(b)(6).

to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). The complaint alleges that in 1974, Furman and Mascitti, while married, jointly purchased an oceanfront lot in Dare County, North Carolina. The deed was executed and recorded, but it named only Mascitti as grantee. The omission of Furman's name as co-grantee was simply an oversight, since both Furman and Mascitti had intended that they receive and record the deed as joint owners. In 1975, Furman and Mascitti contracted in both names for the construction of a house on the property, and also insured the property in both names. Prior to the dismissal of her action, Furman represented to the district court that Mascitti had openly admitted that Furman was not listed on the deed because of a mistake; that the mistake was not discovered until their marriage had deteriorated; and that Mascitti had drafted and signed a pre-divorce separation agreement providing that the North Carolina property would be held jointly.

Furman and Mascitti were divorced in Virginia in 1979. Among other things, the divorce court invalidated the couple's private separation agreement, for reasons not appearing in the record before us. The divorce decree, however, stated in relevant part:

> That Defendant, Merrily (Sheppard) Mascitti, has an equitable one-half (½) interest in the oceanfront cottage located at Kitty Hawk, Dare County, North Carolina, and known as Lot 12 and the southerly one-half (½) of Lot 11, Kitty Hawk Beach Terrace. In determining the value of her equitable share the unpaid balance of the first deed of trust given to Seaboard Savings and Loan Association as of the date of the last payment made on same shall be used.

Neither Furman nor Mascitti appealed the judgment contained in the Virginia divorce decree, but in 1981 the same Virginia court declined to hold Mascitti in contempt for failing to convey to Furman one-half interest in the property. The court stated that the language in the 1979 decree concerning the property was a "finding of fact which required no act of [Mascitti] within this jurisdiction."

The complaint filed by Furman in federal district court contained two counts. Count One requested a judgment, under 28 U.S.C. §§ 2201 *et seq.,* declaring Furman's equitable ownership of an undivided one-half interest in the property, and an order compelling Mascitti to convey such an interest to Furman. Furman's theory was that the Virginia decree had granted her an equitable interest, and that the decree was entitled to full faith and credit in North Carolina.[2] Furman alleged in Count Two the underlying facts supporting her claim of equitable ownership, and contended that since the Virginia divorce court had decided the question of equitable ownership, Mascitti should be collaterally estopped from relitigating the issue. The relief requested was the same as that sought in Count One.

The district court dismissed the action on the basis of *McRary v. McRary,* 228 N.C. 714, 47 S.E.2d 27 (1948). The court held that to rely on the Virginia divorce decree would impermissibly allow a court of a foreign jurisdiction to determine title to real estate in North Carolina. In response to this holding, Furman contends on appeal that the Virginia decree declaring her rights is an *in personam* rather than an *in rem* judgment, which does not directly affect the real estate title.

There has been over the years considerable controversy over how far an *in personam* decree in one jurisdiction, which commands a party to convey real estate in another jurisdiction, can penetrate the Supreme Court's proscription in *Fall v. Eastin,* 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909).[3]

---

2. U.S. Const. Art. IV, § 1.

3. The general rule is that a divorce court in one state does not have the power directly to affect, by means of a decree, the title to real property situated in another state. *Fall v. Eastin,* 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909). *See generally* 34 A.L.R.3d 962 (1970). However, it is also the general rule that a divorce court in one state has the power indirectly to affect real property in another state by means of an *in*

It is unnecessary, however, to explore that discrete question of law, because the language in the Virginia decree represents neither an *in personam* nor an *in rem* judgment. As the Virginia court stated in ruling on the contempt motion, the language represented only a finding of fact. The finding was not incorporated in an *in personam* order.

It appears from the complaint, however, that there may be facts upon which equitable relief can be granted. Furman's complaint alleged that the couple had intended to take title to the property jointly, and that Mascitti had received sole title to it due to an oversight, which Mascitti acknowledged. Mascitti also recognized Furman's joint ownership in the property in a separation agreement which he prepared, but which was not legally valid. It is true that the complaint could have articulated more artfully the legal theory which Furman expected the trial court to apply to these alleged facts. The factual allegations asserted, however, sufficiently point to a classical equitable claim to foreclose a Rule 12(b)(6) dismissal.

It appears that if the facts alleged in the complaint and found correct by the Virginia divorce court are true, Furman would have equitable title to one-half of the North Carolina real estate. Whatever the rule may be as to the validity of a Virginia decree affecting title to real estate in North Carolina, there is no rule prohibiting a federal district court in North Carolina from entertaining litigation affecting title to North Carolina real estate. The district court erred, then, in not allowing Furman to proceed to trial on the theory that the underlying facts were sufficient for a federal trial court in North Carolina entertaining a diversity action to determine whether she had an equitable interest in the real estate.[4]

On remand, the district court may wish to order the complaint amended to state the equity claim more clearly. The court otherwise should proceed to trial on the complaint in its present form, determine the facts, and decide if the facts establish equitable title in Furman under North Carolina law.

REVERSED AND REMANDED.

*personam* decree operating upon a party over whom the court has personal jurisdiction. *Id.; Courtney v. Courtney,* 40 N.C.App. 291, 253 S.E.2d 2 (1979); *Lea v. Dudley,* 20 N.C.App. 702, 202 S.E.2d 799 (1974).

4. Furman's claim if proven presumably would permit the declaration of a resulting trust for her benefit. *See, e.g., Mims v. Mims,* 305 N.C. 41, 286 S.E.2d 779, 783 (1982). Failure to accomplish the intention of the parties would be a mistake of fact which presumably would permit equitable reformation of the deed in an action by an original party thereto, or one claiming to be in privity. *See, e.g., Durham v. Creech,* 32 N.C.App. 55, 231 S.E.2d 163 (1977); *Nelson v. Harris,* 32 N.C.App. 375, 232 S.E.2d 298, *cert. denied,* 292 N.C. 641, 235 S.E.2d 62 (1977); *Shipton v. Barfield,* 23 N.C.App. 58, 208 S.E.2d 210, *cert. denied,* 286 N.C. 212, 209 S.E.2d 316 (1974).