Erik P. REKSTAD, et al., Appellants,

v.

John S. McGROARTY, et al., Respondents.

No. C8–87–2232.

Court of Appeals of Minnesota.

April 19, 1988.

Thomas M. Scott, Campbell, Scott & Fuchs, P.A., Eagan, for appellants.

Vance B. Grannis, Jr., Grannis, Grannis, Farrell & Knutson, P.A., South St. Paul, for respondents.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NORTON, JJ.

## OPINION

FORSBERG, Judge.

Appellants Erik and Denise Rekstad sued respondents John and Jean McGroarty, alleging that as developers, the McGroartys negligently approved placement of a house on an adjacent lot. A third defendant, Craig Couillard, has since been dismissed from this action. This appeal is from a grant of summary judgment to the McGroartys. We affirm.

## FACTS

In 1978, the McGroartys platted property which they owned for a residential development. In connection with this platting, they recorded a "Declaration of Covenants" imposing certain restrictions on the use and development of the property. The third covenant states:

No dwelling, garage, or other building shall be erected, placed or substantially altered on the land until the building plans and specifications and a plan showing the location of the structure have been approved, provided, however, that such approval cannot be withheld if the proposed erection, placement, or substantial alteration is of such a nature and quality that it will not detract from the appearance of the other properties in the same area.

The last covenant provides:

All of the conditions, covenants and restrictions contained in this deed shall be real covenants to run with the land, and shall inure to the benefit of, and be binding upon, the owners of said land and their successors in interest for 30 years from the date hereon.

The McGroartys testified by deposition that Jean McGroarty dealt with prospective buyers and was solely involved in the selling aspects of the development. Jean testified that her approval process of a proposed building location was very informal. Generally, before taking any money for a lot she would have an interested buyer draw the proposed location of the house on a copy of the plat map. She said that she reviewed the location because "if I feel that the house is going to be sitting too far from where I feel it should be, I don't have to sell it to that person * * *." She stated that as a developer she is concerned with the overall appearance of the area and with the proper spacing of the homes.

In 1980 the McGroartys sold a lot to the Rekstads, who built a home there. In the spring of 1986, the McGroartys sold an adjacent lot south of the Rekstads' property to Couillard. Before selling the lot to Couillard, Jean McGroarty remembers walking around the site with him and orally approving the location of the house. She does not specifically remember whether she had him draw that location on a plat map.

Construction began on the Couillard home in late August or early September 1986. The actual placement of the house was ten to fifteen feet farther north than had been approved by Jean McGroarty. The original proposed location was apparently changed by the excavation contractor "to provide a level area for the drain field and to avoid unnecessarily removing large trees upon the lot." Couillard, however, failed to notify the McGroartys or obtain their approval.

Claiming that the location of Couillard's home substantially decreased the value of their property, the Rekstads brought this action against the McGroartys and Couillard. The Rekstads claim the McGroartys negligently approved the location of the Couillard home and breached the restrictive covenants imposed upon the property. The other counts of the complaint alleged claims only against Couillard, who has since settled and been dismissed from this action. This appeal followed grant of the McGroartys' motion for summary judgment.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

A moving party is entitled to summary judgment if the record, together with affidavits, shows there is no genuine issue as to any material fact, and the party is entitled to judgment as a matter of law. Minn. R.Civ.P. 56.03. In this case, the trial court ruled that the McGroartys were under no duty to enforce the covenant requiring approval of building locations. The issue of whether a duty exists is a question of law for the court to decide. *Larson v. Larson,* 373 N.W.2d 287, 289 (Minn.1985).

The Rekstads' complaint alleges that the McGroartys' "approval of the placement of the Couillard home was negligent and a breach of the restrictive covenants imposed upon the property and enforced by them for the protection of Plaintiffs." This claim appears to be based solely on negligent breach of contract, which is not recognized in Minnesota. *Lesmeister v. Dilly,* 330 N.W.2d 95, 102 (Minn.1983). To the extent that the Rekstads' claim can be construed as a breach of contract claim, it must still be shown that the McGroartys breached a contract duty owed to the Rekstads.

Essentially, the Rekstads seek to impose a duty upon the McGroartys to insure enforcement of the covenants. However, there is nothing in the express language of the covenants to infer that the McGroartys have undertaken such an obligation. Indeed, acceptance of the Rekstads' position would impose liability on the McGroartys for failure to enforce the other covenants, one of which restricts hunting on the property and another which restricts allowing dogs or cats to run loose in the development. The covenants specifically "inure to the benefit" of the property owners, and one property owner may sue another for breach of a covenant. An owner is not, however, entitled to sue the developer for failing to enforce covenants breached by someone else.

Nor may an obligation to enforce the covenants be implied. From the McGroartys' deposition testimony, it is clear that the covenant in question was intended solely for their own benefit as developers, and that it was not intended to protect the interests of property owners like the Rekstads. *See Shipton v. Barfield,* 23 N.C. App. 58, 61–63, 208 S.E.2d 210, 213–14 (in action by lot owners against subdivider for failure to approve construction plans of adjoining lot, grant of subdivider's motion to dismiss for failure to state a claim affirmed because subdivider did not covenant to protect interests of lot owners), *cert. denied,* 286 N.C. 212, 209 S.E.2d 316 (1974). While the McGroartys had a right under the covenants to review and approve the location of homes in their development, that right does not give rise to a duty owed property owners like the Rekstads.

On appeal, the Rekstads erroneously assume that a duty exists. Their arguments focus on the claimed existence of genuine issues of material fact which would preclude the grant of summary judgment. However, a "material" fact is one which will affect the outcome or resolution of the case. *Zappa v. Fahey,* 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976). The facts which the Rekstads claim remain in dispute have little relevance to the issue of whether the McGroartys owed a duty to the Rekstads. The trial court's grant of summary judgment thus did not improperly rely upon resolution of these facts.

## DECISION

The trial court's grant of summary judgment to the McGroartys is affirmed.