ANTHONY G. WILLIS, EXECUTOR OF THE ESTATE OF JANICE D. WILLIS, BENEFICIARY AND TRUSTEE OF THE JANICE D. WILLIS REVOCABLE TRUST DATED THE 25TH OF SEPTEMBER 2009, AND INDIVIDUALLY; AND THE JANICE D. WILLIS REVOCABLE TRUST DATED THE 25TH OF SEPTEMBER 2009 v. ROBERT WILLIS, ROBIN WILLIS, AND THE ESTATE OF EDWARD CARROLL WILLIS

No. 457A11

(Filed 9 March 2012)

**Reformation of Instruments— mistake of one party not induced by fraud of other—no grounds for relief**

Mistake of one party to a deed or instrument alone, not induced by the fraud of the other, affords no ground for relief by reformation in North Carolina. The three circumstances under which reformation could be available as a remedy include: (1) mutual mistake of the parties; (2) mistake of one party induced by fraud of the other; and (3) mistake of the draftsman.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 714 S.E.2d

WILLIS v. WILLIS

[365 N.C. 454 (2012)]

857 (2011), affirming an order on directed verdict entered on 28 May 2010 by Judge W. Allen Cobb, Jr. in Superior Court, Carteret County. Heard in the Supreme Court on 14 February 2012.

*Harvell and Collins, P.A., by Russell C. Alexander and Wesley A. Collins, for plaintiff-appellants.*

*Beswick & Goines, PLLC, by George W. Beswick and Erin B. Meeks, for defendant-appellees.*

HUDSON, Justice.

Plaintiff Anthony Willis, on behalf of the estate of Janice Willis, seeks reformation of a deed based on unilateral mistake of the grantor in the absence of fraud. Because this remedy is unavailable as a matter of law, we modify and affirm the decision of the Court of Appeals.

Janice Willis had two sons, Eddie and Anthony. In December 2004 she drafted a will bequeathing "any interest that I may own in my home place" to Eddie. The will also expressed Mrs. Willis's "wish" that, if she conveyed the property to Eddie before her death and he decided to sell it, Eddie would divide the proceeds with his brother Anthony. The will also bequeathed the residue of her estate to Eddie and Anthony in equal shares, to pass to their children per stirpes if either or both predeceased her.

In January 2005 Mrs. Willis executed a general warranty deed reserving a life estate in her home for herself and conveying the remainder to Eddie in fee simple. Eddie died suddenly in November 2007, while Mrs. Willis was still alive. When it became clear that Eddie's interest in the property had passed to his children, Mrs. Willis contended that the result was not what she had intended. She filed this lawsuit seeking reformation of the deed on the basis of her unilateral mistake. At the conclusion of the evidence presented at trial, the trial judge granted a directed verdict for defendants. The Court of Appeals affirmed in a two to one decision. *Willis v. Willis,* —— N.C. App. ——, ——, 714 S.E.2d 857, 860 (2011). During the appeal of this matter, Mrs. Willis died; her other son Anthony, as the executor of her estate, was substituted as plaintiff. *Id.* at —— n.1, 714 S.E.2d at 859 n.1.

Plaintiff relies entirely on the Court of Appeals decision in *Nelson v. Harris,* 32 N.C. App. 375, 232 S.E.2d 298, *disc. rev. denied,* 292 N.C. 641, 235 S.E.2d 62 (1977), for the rule under which reformation is sought. In *Nelson* the Court of Appeals wrote that "[t]he grantor of a conveyance for which no consideration was given by the grantee is entitled to reformation when the deed fails to express the actual

intent of the parties due to the grantor's unilateral mistake." *Id.* at 379, 232 S.E.2d at 300 (citations omitted). At trial plaintiff sought to prove that the property was conveyed without consideration and that the deed did not express Mrs. Willis's intent due to her own mistake. The parties presented evidence on both issues. Based on the recitation of consideration in the deed and the fact that love and affection between a parent and child may serve as consideration for a conveyance, the trial court found that "the deed at issue in this action was given for good and valuable consideration." Thus, the trial court found that reformation under *Nelson* was not available. The trial court did not reach the issue of mistake.

On appeal the parties again argued both the consideration issue and the mistake issue. The Court of Appeals assumed without deciding that there was no consideration, but held that there had been no mistake that would merit reformation in this case. The Court of Appeals likened the case to *Mims v. Mims*, in which " '[t]he only mistake . . . [was the] plaintiff's erroneous understanding of North Carolina law governing deeds and perhaps his misunderstanding of the legal effect of having the deed made to both him and his wife as grantees.' " *Willis*, —— N.C. App. at ——, 714 S.E.2d at 860 (quoting *Mims v. Mims*, 305 N.C. 41, 60, 286 S.E.2d 779, 792 (1982)) (alterations in original). The Court of Appeals determined that here there was not "even a scintilla of evidence" of "unilateral mistake" that would merit reformation and therefore, that directed verdict was proper. *Id.* at ——, 714 S.E.2d at 860. The dissent argued that the majority misapplied the case law and that there was sufficient evidence for the issues of mistake and consideration to have gone to the jury. *Id.* at ——, 714 S.E.2d at 861 (Calabria, J., dissenting).

Plaintiff appealed to this Court based on the dissenting opinion. Both parties made the same arguments to this Court that they advanced below, and neither party challenged the premise that *Nelson v. Harris* provided authority for a claim of reformation based on unilateral mistake by the grantor. However, the quoted statement from *Nelson* is nonbinding dictum and is actually contrary to North Carolina law. Thus, we need not examine the evidence or review the directed verdict issued in this case, because we hold that the remedy sought is unavailable as a matter of law.

*Nelson v. Harris* involved reformation of a deed based on mutual mistake of the parties. 32 N.C. App. at 378-79, 232 S.E.2d at 300. There the Court of Appeals determined that parol evidence was permissible

WILLIS v. WILLIS

[365 N.C. 454 (2012)]

to prove mutual mistake and that there was sufficient evidence of mutual mistake to justify reformation. *Id.* at 378, 232 S.E.2d at 300. The analysis of the issues comported with precedent, and those portions of the opinion remain good law without regard to the discussion that follows.

In its discussion of the trial evidence, the *Nelson* court stated that "[t]he grantor of a conveyance for which no consideration was given by the grantee is entitled to reformation when the deed fails to express the actual intent of the parties due to the grantor's unilateral mistake." *Id.* at 379, 232 S.E.2d at 300. This statement did not describe the facts of the case and had no impact on the decision. Moreover, the statement had no basis in prior North Carolina law—the Court of Appeals cited *American Jurisprudence* and *American Law Reports* as authority, but referenced no North Carolina case law. Given that the statement was dictum unsupported by precedent, the statement would be of quite limited value even if it did not conflict with previous decisions of this Court. Our research has found no appellate court decision in North Carolina that has relied on the quoted statement in *Nelson* to reform a deed based on unilateral mistake. Accordingly, Plaintiff's reliance on *Nelson* for the claim fails because the statement in *Nelson* regarding reformation of gift deeds is contrary to settled law in North Carolina.

This Court described the possible grounds for reformation of a deed in the case of *Crawford v. Willoughby*, 192 N.C. 269, 134 S.E. 494 (1926). This Court offered three circumstances under which reformation could be available as a remedy: (1) mutual mistake of the parties; (2) mistake of one party induced by fraud of the other; and (3) mistake of the draftsman. *Id.* at 271, 134 S.E. at 495. The Court further explained that "mistake of one party to the deed, or instrument, alone, not induced by the fraud of the other, affords no ground for relief by reformation." *Id.* at 272, 134 S.E. at 496. While *Crawford* related to a mistake by the draftsman, and reform was allowed on that basis, *id.* at 271, 134 S.E. at 495, the three bases for reformation identified by that opinion have been cited and reaffirmed in this state many times in various situations since 1926. *E.g., Mason v. Brevoort*, 254 N.C. 619, 622, 119 S.E.2d 453, 455 (1961) (citing *Crawford* to affirm nonsuit in a reform action when there was no evidence of mutual mistake, unilateral mistake induced by fraud, or a mistake of the draftsman); *Smith v. Smith*, 249 N.C. 669, 674, 107 S.E.2d 530, 533-34 (1959) (citing *Crawford* and stating that a mere assertion that

the wife's name was included in the deed "through error" was insufficient proof of grounds for reformation); *U.S. Bank, N.A. v. Cuthbertson*, —— N.C. App. ——, 697 S.E.2d 526, 2010 WL 2651630, at *2 (2010) (unpublished) (citing the *Crawford* rule as stated in *Smith* and affirming trial court's order reforming the deed based on mutual mistake); *Parker v. Pittman*, 18 N.C. App. 500, 504, 197 S.E.2d 570, 573 (1973) (restating the rule in *Crawford* as "[i]f a deed fails to express the true intention of the parties it may be reformed to express such intent only when the failure is due to the mutual mistake of the parties, to the mistake of one party induced by fraud of the other, or to mistake of the draftsman").

There were no allegations in this case of mutual mistake, of unilateral mistake induced by fraud, or of a mistake of the draftsman. Thus, reformation is unavailable under *Crawford* and its progeny. Because this case can be decided as a matter of law, we need not explore the evidence presented on the issues of consideration or unilateral mistake of the grantor. We merely reaffirm that *Crawford* set forth the three scenarios under which reformation of a deed is available.

While Mrs. Willis may have truly intended a different result, "[t]he mistake of one party to the deed, or instrument, alone, not induced by the fraud of the other, affords no ground for relief by reformation." *Crawford*, 192 N.C. at 272, 134 S.E. at 496.

MODIFIED AND AFFIRMED.